**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MUKHAMMADODIL OKILDZHON ZADE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil A. No. 3:26-865 |
| | ) | Judge Nora Barry Fischer |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are Petitioner Mukhammadodil Okildzhon Zade's Petition for Writ of Habeas Corpus, (Docket No. 3), his Motion for the Appointment of Counsel, (Docket No. 2), the Respondents' Opposition to Petition for Writ of Habeas Corpus, (Docket No. 8), Petitioner's Motion for Temporary Restraining Order, (Docket No. 9), Petitioner's Motion to Transfer, (Docket No. 11), and the Response to the Motion for Temporary Restraining Order filed by Respondents, (Docket No. 12). Petitioner, a 32-year-old citizen of Russia who was born in Tajikistan, was detained at Moshannon Valley Processing Center when his Petition was submitted but was later transferred to the Pike County Processing Center in Lords Valley, Pennsylvania where he remains in detention. (Docket Nos. 3; 12).

Petitioner entered the United States without inspection in 2021, was detained without a warrant and then released into the country. (Docket No. 8 at 6). He applied for asylum and withholding of removal and was granted a work authorization. (Docket No. 3 and attachments). Petitioner had been living in the interior of the United States in the Philadelphia area with his family since his initial entry and was working as a commercial truck driver. (*Id*.).

On May 16, 2025, Petitioner was arrested by immigration agents at Cherry Point Marine Base in North Carolina where he was in the process of delivering a load in the course of his employment. (Docket No. 3 at 10). He had a removal hearing before an IJ on August 7, 2025 at which time he was ordered removed from the United States and his claims for asylum and withholding of removal were denied. (Docket No. 3 at 10). Petitioner filed an appeal to the Board of Immigration Appeals and his appeal remains pending. (*Id*. at 11). He contends that IJ's have ruled that they lack jurisdiction to grant him a bond hearing and he has been detained without a bond hearing throughout the removal proceedings.

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 3). In opposition, Respondents contend that this is a *Q. Li* case whereby Petitioner crossed the border without inspection, was detained without a warrant and released into the country and was later arrested in the interior of the United States. (Docket No. 8 at 6). Respondents admit that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and do not claim any other basis for his detention. (*Id*.). Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions from the Courts of Appeals[1] for the Fifth and Eighth Circuits. (Docket No. 8).

After careful consideration of the parties' positions, the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to

---

[1]    *See Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the Second, Sixth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

In light of the Court's ruling directing Respondents to provide Petitioner with a bond hearing, Petitioner's separate requests seeking release from custody under a due process theory, his initial motion seeking a temporary restraining order precluding the Respondents from transferring him outside of this District and a later motion he filed after he was transferred to the Pike County Processing Center, asking for a transfer of this matter to the U.S. District Court for the Middle District of Pennsylvania, will be denied, as moot and without prejudice.  Therefore, if Petitioner is not released at the conclusion of the bond hearing to which he is entitled under this Order, he will be able to pursue any further habeas claims challenging his detention in the U.S. District Court for the Middle District of Pennsylvania.

AND NOW, this 22nd day of June, 2026,

---

[2]     *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava I")*, 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026).

[3]     *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [3] is GRANTED, IN PART and DENIED, IN PART.  Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing under Count I;

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, Respondents shall provide notice to the Court of the outcome of the bond hearing;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing in the remaining counts.  As noted, Petitioner is free to initiate any further habeas claims in the U.S. District Court for the Middle District of Pennsylvania;

IT IS FURTHER ORDERED that Petitioner's Motion to Appoint Counsel [4], Motion for Temporary Restraining Order [9], and Motion to Transfer [11] are DENIED, as moot; and,

An appropriate Judgment follows.

BY THE COURT:

_s/Nora Barry Fischer_
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record

cc:    MUKHAMMADODIL OKILDZHON-ZADE
       A-Number: 216863136
       175 PIKE COUNTY BLVD., NA,
       LORDS VALLEY, PA 18428 (via first class mail)